21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 15 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FRANCIS D. SALIVAR, ET AL. | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-101 |
| | § | |
| AXCES, INC., ET AL | § | |
| | § | |
| Defendant(s). | § | |

## ORDER

BE IT REMEMBERED that on October 15, 1999, the Court considered Defendant AXCES, INC.'S motion for reconsideration of motion for leave to amend removal notice (Dkt. No. 18). Defendant's motion is MOOT.

An order remanding a case to state court is not reviewable, even by the District Court granting remand. *See* 28 U.S.C. §1447 (d). In *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 345-46 (1976), the United State Supreme Court held that remand orders are reviewable only if granted for reasons other than those found in §1447 (c). At the hearing held on January 21, 1999, this Court, pursuant to §1447 (c), remanded the case for lack of subject matter jurisdiction; therefore, the remand order is not reviewable. *See Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925-26 (5th Cir. 1999). Defendant's motion for reconsideration of motion for leave to amend removal notice (Dkt. No. 18) is MOOT. The Court's ruling of January 21, 1999, granting Plaintiff's motion to remand, remains in effect.

DONE at Brownsville, Texas, this 15 day of October 1999.

Hilda G. Tagle
United States District Judge